### In re WALKER.
### No. 2615.

Court of Customs and Patent Appeals.
Feb. 11, 1931.

Denison & Thompson, of Syracuse, N. Y. (T. K. Bryant, of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

584

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming that of the examiner, rejecting all of the claims of appellant's application. Claim 13 is illustrative of the question involved, and reads as follows:

"13. In a mechanical dishwasher, a vat having an outlet in its bottom, a stand pipe connected to the outlet and provided with an over-flow passage some distance above the level of the outlet to limit the normal rise of water in the vat, a tubular post secured to and projecting upwardly from the bottom of the vat above the level of the over-flow passage, a rotary impeller having a hollow hub surrounding the upper portion of the post and having its upper end extended over the top of the post and closed, and means operatively connected to the hub for rotating the impeller."

The references relied upon are:

Wolcott, 1,390,223, September 6, 1921.

Walker, 1,397,846, November 22, 1921.

Walker (Br.), 178,318, April 20, 1922.

The alleged invention is described in the decision of the Board of Appeals as follows:

"The rejected claims are directed to a dish-washing machine comprising a cylindrical vat having a frusto-conical bottom. From the central part of the bottom there is an upwardly extending open topped hollow post that projects above the highest desired level of the water in the vat. From the lowest point of the vat there is a water outlet that extends into a discharge chamber through a vertical tube the height of whose discharge end determines the elevation of the water in the vat. Water is supplied to the vat from a supply pipe opening into the cylindrical side of the vat at a point above the level at which water stands in the vat. In the bottom of the vat there is an impeller carried upon the upper end of a motor driven shaft that projects through the tubular post. The impeller arms project radially from the lower end of a tubular shaft open at its lower end and closed at its upper end where it is secured to the upper end of a motor driven shaft. The water in the vat does not rise above the upper end of the tubular post."

As stated in appellant's brief, the claims in issue "are predicated upon the fact that the tubular post (as 12) is secured to and projects upwardly from the bottom of the vat above the level of the overflow passage (as 24), or that the level of the overflow passage is below the top of the post." (Italics quoted.)

The new and useful result asserted to be accomplished by the combination claimed is that the rise of water within the vat is limited to a level below the top of the tubular post irrespective of the amount of water which may be introduced into the vat, thus preventing any possibility of leakage of water from the interior of the vat downwardly along the impeller shaft.

Discussing the references relied upon, the Board of Appeals said:

"The British patent to Walker shows a mechanical dish-washer having a vat provided with an inverted frusto-conical bottom with an outlet in its apex, a standpipe 50 connected to said outlet and provided with an over-flow passage some distance above the level of said outlet, the outlet passage being determined in height by the height of the partition 51 in the standpipe 50. The British patent shows a bearing in the apex of the conical bottom 2 for the impeller shaft 62 that corresponds in location to the tubular post specified in the rejected claims, a rotary impeller 42, 63, having a hub 61, is seated upon the upper portion of the bearing and is operatively connected to the hub for rotating the impeller. This British patent also shows a water supply pipe 43 connected to the upright wall of the vat some distance above the level of the overflow and provided with a valve 44 for controlling the flow of water therethrough to the interior of the vat. The patent to Wolcott shows a vat having a conical bottom and having a discharge outlet passage controlled by a faucet, a rotary impeller 13 having a hollow hub 12 surrounding the upper portion of the post 9 and provided with a closed upper end overlying the top of the post 9, means 10 extending through the post and operatively connected to the hub by a nut on the screw threaded upper end of the shaft 10 for rotating the impeller. We see no invention involved in the substitution of the post 9 and hollow hub 12 of Wolcott for the bearing and impeller hub connections shown in the British patent. The substitution of such parts would require no more than the expected skill of a mechanic and would produce no unexpected results."

We fully agree with the Board of Appeals in its statement that:

"The specific impeller operating mechanism and its support does not cooperate with the specific construction of the overflow passage to produce any new result. The claims including both of these features are for aggregations. Neither the impeller mechanism nor the overflow passage is modified in operation by the use of the other in the same dish-washing machine and each feature is old in dish-washing machines." ·

It is so obvious that the claims in issue are for mere aggregations, not producing any new and useful result, that extended discussion is unnecessary.

The decision of the Board of Appeals is affirmed.

Affirmed.